**No. 44507.**—Protest 14969–K of Millard A. Ring (New York).

KEEFE, Judge:   In this suit the plaintiff seeks to recover certain customs duties upon behalf of Doctor Benno Kastan and Mr. Martin Kastan, his father, who entered the United States on January 2, 1939, as immigrants.   The customs duties are alleged to have been illegally assessed by the collector at New York upon 37 pieces of jewelry and articles of personal adornment at the rate of 80 percent ad valorem under paragraph 1527, act of 1930 as women's jewelry, and upon one small loose diamond of ½ carat at 10 percent ad valorem under paragraph 1928 as precious stones.

The plaintiff claims that the aforesaid articles should have been liquidated as free of duty under paragraph 1798 as personal effects or under paragraph 1632 as "usual and reasonable furniture, and similar household effects of persons or families from foreign countries."

At the trial Doctor Benno Kastan testified for the plaintiff that he arrived in the United States with his father bringing with him among other personal and household effects a suitcase containing the articles in question.   The articles consist of jewelry left by his mother and sister who have been dead for several years which had been presented to them by the plaintiff and his father during their lifetime, and also articles from his grandparents.   The jewelry had always been in their home since the death of his mother and sister, and the home in their memory had remained in exactly the same state as when they were alive.   The jewelry remained in its accustomed place and he and his father very often looked at it in their memory, and in bringing the jewelry with them, together with their other household effects, it is their intention to use it in the same manner in their household as it was used by them in Germany.   It was admitted that all of the articles in question consisted of women's jewelry.

The paragraphs of the law under which exemption is claimed provide as follows:

PAR. 1632.   Books, libraries, usual and reasonable furniture, and similar household effects of persons or families from foreign countries if actually used abroad by them not less than one year, and not intended for any other person or persons, nor for sale.

PAR. 1798.   Wearing apparel, articles of personal adornment, toilet articles, and similar personal effects of persons arriving in the United States; but this exemption shall include only such articles as were actually owned by them and in their possession abroad at the time of or prior to their departure from a foreign country, and as are necessary and appropriate for the wear and use of such persons and are intended for such wear and use, and shall not be held to apply to merchandise or articles intended for other persons or for sale: *Provided*, That all jewelry and similar articles of personal adornment having a value of $300 or more, brought in by a nonresident of the United States, shall, if sold within three years after the date of the arrival of such person in the United States, be liable to duty at the rate or rates in force at the time of such sale, to be paid by such person:

*       *       *       *       *       *       *

Household furniture has been construed to comprise everything of a permanent nature that contributes to the use or convenience of the household or for ornament to the house.   G. A. 7094, T. D. 30905.   Collections may be classified as household effects if they have been so assembled, arranged, and displayed as to serve to decorate the foreign home of the importer.

The articles in question herein are heirlooms, and according to the testimony were not of such nature as to contribute to the use or convenience of the household, nor arranged in such a manner as a "collection" so as to constitute an ornament in the home of the importer. In these circumstances, we are of the opinion that the articles of personal adornment, used as "keepsakes" in the home, are not entitled to exemption under paragraph 1632.

In paragraph 1798 Congress has specially exempted from duty articles of personal adornment otherwise dutiable, but limits the exemption to such articles belonging to persons arriving in the United States as are necessary and appropriate for the wear and use of such persons and are intended for such wear and use. The articles in question are admittedly women's jewelry and are not intended for the wear and use of the importer, nor are they appropriate for such wear and use.

Where Congress has carved out special privileges or exemptions from the general provisions levying duties upon imported articles, the courts have held that such exemptions should be strictly construed, and any doubt as to the meaning resolved in favor of the Government. *Swan* v. *United States*, 190 U. S. 143.

From the evidence before us we are convinced that the importer brought the articles in question into the United States in good faith as relics or heirlooms as a part of his household goods and personal effects to be held by him as a remembrance of loved ones passed away. Unfortunately, however, Congress, in providing for the exemption of certain dutiable articles from the payment of duty, failed to embrace in its grant of such privilege articles of the character before us here either as household effects of families from foreign countries or as personal effects of persons arriving in the United States. In fact, the language in paragraph 1632 as well as in paragraph 1798 expressly excludes these articles from the privilege of free entry.

For the reasons stated we are constrained to enter judgment in favor of the Government.